UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

    Plaintiff,

v.

ERIC YOUNG, *et al.*,

    Defendant.

Case No. 08-5553 RJB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. # 18. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. # 21), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before

ORDER - 1

reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff argues that he requires appointment of counsel because he is unable to afford counsel, his imprisonment will limit his ability to litigate the issues, the matter is complex and will require research and investigation, the trial will likely involve conflicting testimony, and he has attempted to obtain a lawyer with no results. Dkt. #18, p. 1. However, Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex. The claims in this case are not factually complex as they arise out of one issue regarding the alleged use of force by prison officials. Plaintiff's continued incarceration and lack of legal training also do not constitute exceptional circumstances warranting appointment of counsel. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiff has also not shown a likelihood of success on the merits. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 18) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this __13th__ day of January, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2