UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

    Plaintiff,

    v.

ERIC YOUNG, *et al.*,

    Defendants.

Case No. C08-5553 RJB/KLS

REPORT AND RECOMMENDATION

**Noted For: April 17, 2009**

Before the Court is Plaintiff John E. Barnhouse's letter requesting a preliminary injunction. Dkt. # 13. Mr. Barnhouse seeks a transfer from Stafford Creek Corrections Center (SCCC), where he was incarcerated as of November 7, 2008 to Twin Rivers Unit (TRU) at the Monroe Correctional Complex (MCC). *Id*. Mr. Barnhouse did not serve Defendants with his letter and it was filed as a "letter/motion for injunctive relief" and noted on the Court's calendar by the Clerk.

On January 31, 2009, Mr. Barnhouse filed a motion for temporary restraining order and injunction, seeking his transfer from Clallam Bay Corrections Center (CBCC), where he is currently incarcerated, to TRU. Dkt. # 31. Mr. Barnhouse did not serve Defendants with his motion and it was noted on the Court's calendar by the Clerk.[1]

---

[1]Mr. Barnhouse continues to file largely illegible letters and motions with the Court, which he fails to serve upon defense counsel and properly note. Mr. Barnhouse has filed letters, an attachment, declaration, and "open letters to the Court. Dkts. # 27, 28, 29, 32, 35 and 36. Although the Court previously advised Mr. Barnhouse that it will not consider filings that have not been properly served on defense counsel and noted for hearing according to the federal rules (*see* Dkt. #

REPORT AND RECOMMENDATION - 1

1       Having carefully reviewed Mr. Barnhouse's letter/motion (Dkt. # 13) and motion (Dkt. #

2 31), and Defendants' responses (Dkts. # 17, 30) and supplemental response (Dkt. # 34), the Court

3 finds that Mr. Barnhouse's motions should be denied.

## I. BACKGROUND AND RELIEF REQUESTED

5       Mr. Barnhouse is a Washington state inmate currently incarcerated at CBCC. Dkt. # 4 at p.

6 2. In his complaint, Mr. Barnhouse alleges that on August 31, 2006 at the CBCC, Defendants Eric

7 Young, Michael Christensen and Jeff Kettle physically assaulted him in his cell while he was

8 restrained in leg irons. Dkt. # 4, p. 5. Mr. Barnhouse alleges that as a result of the assault, he

9 suffered a fracture of his spine necessitating surgical repair. *Id.*, p. 7. He alleges that prior to his

10 operation, he was "transferred around needlessly throughout Washington State Department of

11 Operations." *Id.*

12       In his motion for preliminary injunction (Dkt. # 31), Mr. Barnhouse asks the Court to order

13 the DOC to transfer him from CBCC to TRU at the MCC.

14       At the time of filing his first letter/motion (Dkt. # 13), Mr. Barnhouse was housed at SCCC,

15 where he sought placement in protective custody. *See also*, Dkt. # 17, Exhs. A and B. Mr.

16 Barnhouse was placed in administrative segregation on October 29, 2008 "pending a review to

17 determine if he is safe to reside in general population at SCCC." Dkt. # 17, Exhs. A and B

18 (Administrative Segregation Review Documents, reflecting Mr. Barnhouse's custody status at

19 SCCC).

20       On January 14, 2009, Mr. Barnhouse notified the Court that he was transferred back to

21 CBCC, where he feared that he would be subjected to the same assaultive behavior by the

22 Defendants. Dkt. # 27.

---

26), Mr. Barnhouse did not serve defense counsel and did not file certificates of mailing with these documents. Mr. Barnhouse also mailed a third motion for preliminary injunction to defense counsel. Dkt. # 30-2. This motion was not signed or filed.

REPORT AND RECOMMENDATION - 2

The Court directed Defendants to provide the Court with Mr. Barnhouse's new address, custody level and protective custody status. Dkt. #33. Defendants filed their supplement on February 19, 2009. Dkt. # 34. Mr. Barnhouse is currently housed at CBCC, where he has been classified as a protective custody inmate. *Id*. He has been prohibited from placement at SCCC due to conflict with male inmates. *Id*, Exh. 2.

## II.  DISCUSSION

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).  In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).  This holding applies even more sparingly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint.  Where a state penal system is involved federal courts have ... additional reason to accord deference to the appropriate prison authorities.").

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir.

REPORT AND RECOMMENDATION - 3

2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).[2]

**A.    Nature of Relief Requested**

    **1.    First Letter/Motion**

At the outset, the Court notes that some of the relief sought by Mr. Barnhouse in his first letter/motion is not of the same character as that sought in his complaint. In his complaint, Mr. Barnhouse seeks monetary and declaratory relief relating to claims of excessive force by corrections officers at CBCC. Dkt. # 4, pp. 8-9. In his first letter/motion, Mr. Barnhouse claimed that he was being improperly held in protective custody at SCCC and should be transferred to a different institution so that his family can visit him and keep an eye as ... staff have put [his] life in danger. Dkt. # 13.[3] Mr. Barnhouse also asserts that two guards at SCCC put his life in danger by calling

---

[2] In addition, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1)    it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2)    the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

[3] Mr. Barnhouse also complains that staff have removed all documents from his legal file in this case, including infractions reports, medical reports, MRI reports, and four cassettes from a hearing. Mr. Barnhouse does not request relief for these complaints nor does he articulate how a transfer to Twin Rivers is meant to remedy these complaints. In addition, documents provided by the Defendants reflect that Mr. Barnhouse's property has been inventoried and is being stored while he is being held in the Intensive Management Unit (IMU). *See, e.g.,* Dkt. # 17-2, p. 7.

REPORT AND RECOMMENDATION - 4

him a snitch in front of other inmates. Dkt. # 13. However, he also alleged that he was placed in protective custody. *Id*. Documents from SCCC confirm that prison authorities responded to Mr. Barnhouse's concerns that he might not be safe in the general population and placed in him administrative segregation pending an investigation. Dkt. # 17-1, Attachs. A and B. He has been classified as a protective custody inmate and is now prohibited from further placement at SCCC due to conflict with male inmates. Dkt. # 34, Exhs. 1 and 2.

It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a Court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id.*

Mr. Barnhouse is now in custody at CBCC and has been prohibited from placement at SCCC due to conflict with male inmates. Dkt. # 34, Exhs. 1 and 2. As Mr. Barnhouse has now been moved from SCCC and the remainder of his first letter/motion sought relief unrelated to the matters raised in the complaint, the undersigned recommends that Mr. Barnhouse's first letter/motion may be denied on that basis alone.

**2. Second Motion**

As to his second motion, requesting transfer from CBCC to TRU, this Court has no authority to order that state officials transfer prisoners to other facilities. In addition, the Court notes that inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225 (1976). Nor do prisoners have a right to transfer to a prison to be closer to family. *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988); *Beshaw v. Fenton*, 635 F.2d 239, 246 (3d Cir. 1980) (transfer to facility not easily accessible to prisoner's relatives does not implicate liberty interests protected by the Due Process Clause), cert. denied, 453 U.S. 912, 101 S.Ct. 3141 (1981). Finally, the Court finds that Mr. Barnhouse has failed to show a significant risk of

REPORT AND RECOMMENDATION - 5

irreparable harm.

**B.      Significant Risk of Irreparable Harm**

To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1998). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors,* 950 F.2d at 1410.

To successfully request prospective injunctive relief, plaintiff must show that the threat is real and immediate, not conjectural or hypothetical. *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 557 (9th Cir. 1990); *Kaiser v. County of Sacramento*, 780 F.Supp. 1309, 1311 (E.D. Cal. 1991).

It is well established that an inmate has no right to be housed in a particular prison or to have any particular custody classification. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987); *Smith v. Noonan*, 992 F.2d 987 (9th Cir. 1993); *May v. Baldwin*, 109 F.3d 557 (9th Cir. 1997). However, the Eighth Amendment protects against future harm and supports an injunction if an inmate proves the conditions in the prison are unsafe and life threatening. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

In his second motion, Mr. Barnhouse seeks injunctive relief because CBCC is "where [Defendants] committed this crime ... and [he fears] that they will commit this crime again in order to help cover up the original crime where the aria [sic] without the camera view's [sic] will be used against to assault" him. Dkt. # 31.[4]

---

[4]Mr. Barnhouse also objects to Defendants' defense counsel, accusing Mr. Howell of using the transfer as "a tool to cross [him] out." Dkt. # 31, p. 1.

REPORT AND RECOMMENDATION - 6

1  Mr. Barnhouse makes several general and unsupported allegations but offers no evidence

2  upon which this Court may adequately determine whether he faces real and immediate harm.

3  Defendants argue that granting the relief requested by Mr. Barnhouse would be an

4  unwarranted and improper intrusion by the court into matters of internal prison security and safety

5  which are normally left to the discretion of prison administrators. Dkt. # 17 (citing *Lewis v. Casey*,

6  518 U.S. 343 (1996) (courts should defer to the judgment of prison officials on prison security

7  issues). The Court agrees.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction. Dkts. # 13 and 31.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 17, 2009**, as noted in the caption.

DATED this 23rd day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7